UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

REGINALD SMITH,

Plaintiff,

v.

CENTRAL LUTHERAN CHURCH, and U.S. WEST,

Defendants.

Civil No. 00-1145 (MJD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where

FILED MAY 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

Here, the substantive allegations on which Plaintiff's claims are based, restated in their entirety, are as follows:

> "My mail was taken phone calls post service mail service alderman to me election records state Minnesota Hennepin County City Minneapolis record for suit missing out of apartment....
>
> They said they were going my phone on, somebody said they were going cut off a soon as cut on. I got a copy of a phone bill from U.S. West and it said I owed a phone bill at 66 & [?]th St from 9-[?]-93.
>
> They said somebody cut phone off after it was cut on. Then they said I owed a phone bill 66th 12ths, I was living there 90-93 yrs. Phone cut off now."

These "allegations" are gleaned from two separate pleading papers, which the Clerk of Courts has filed as Docket Nos. 1 and 3. No other facts are alleged, nor has Plaintiff provided any further explanation of the legal basis for his claims. Furthermore, Plaintiff has not indicated what, if any, relief he is seeking in this action.

Plaintiff's submissions do not state any cause of action on which relief can be granted, because they do not include any facts that would support any actionable claim against either of the named Defendants. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Plaintiff's present submissions do not

---

the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

describe anything that either of the named Defendants allegedly did or failed to do that might give rise to a claim that could be litigated in federal court. Plaintiff has therefore failed to state any cognizable claim.

Furthermore, Plaintiff's submissions do not indicate (expressly or implicitly) any statute or common law principle on which this action is based. Plaintiff has not identified, and the Court cannot independently discern, any legal theory that would support any actionable claim. For this additional reason, the complaint fails to state any viable cause of action against either of the named Defendants.

Because Plaintiff has failed to state a claim on which relief can be granted, his IFP application must be denied, and his action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The case will be dismissed without prejudice, however, so that Plaintiff can attempt to file another action if he is able to present sufficient factual and legal grounds to support a viable claim for relief that is actionable in federal court.[2]

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

---

[2] If Plaintiff ever again attempts to bring an action in federal court, he will have to clearly identify, in his complaint, the grounds that allegedly provide federal subject matter jurisdiction. Fed. R. Civ. P. 8(a); see also 28 U.S.C. §§ 1331 and 1332 (conferring subject matter jurisdiction on federal courts where a claim is based on federal law, or where the plaintiff and defendants reside in different states). No such grounds can be found in Plaintiff's current submissions, which provides yet another reason for the dismissal of this action. See Fed. R. Civ. P. 12(h) (requiring dismissal of an action where subject matter jurisdiction does not exist).

be DENIED; and

2. The action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 26, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 14, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.